■ ROBERT C. MacDORMAND, Respondent, v. FRED V. AUCHENPAUGH, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Schenectady County, entered on a jury verdict for respondent in the amount of $8,500. At about 11:30 P.M. on Friday, September 24, 1965, respondent was allegedly injured when he was struck by appellant's car as he was attempting to enter his own car from the driver's side. Appellant seeks a reversal of the judgment and order herein, on the ground of error and prejudicial conduct of respondent's counsel at the trial. It is also asserted that the verdict is grossly excessive. While there is some testimony in the record as to slight permanency, it is clear that the impact itself was minimal and no immediately evident personal injury perceptible or claimed. Respondent missed only one day from work. In our opinion the jury's assessment of damages was unduly influenced by the trial conduct of respondent's attorney. The manner in which he pursued his cross-examination of appellant, his wife and a passenger and his persistent emphasis of the existence of clearly unavailable prelitigation statements made by them (CPLR 3101, subd. [d]; e.g. *Cohen* v. *Hardy,* 23 A D 2d 793; *Kandel* v. *Tocher,* 22 A D 2d 513), which could have had only the calculated purpose of creating prejudice and suggesting the existence of liability insurance and even impropriety on the part of the defense, clearly must have influenced the jury. Similarly, his statement in summation which in effect requested the jury to punish appellant (whom respondent had attempted to prove was drunk) by the amount of its verdict, was highly prejudicial. The apology of respondent's attorney upon objection did not remove the prejudicial effect. The trial court admittedly recognized appellant's objection to this statement but did not follow through in his charge to negate specifically the possibility of awarding punitive damages. His statement in his charge that damages were to be in an amount to "compensate" respondent for his injury did not fairly and adequately achieve this. The best procedure, of course, would have been for the Trial Judge to immediately have instructed the jury that punitive damages could not be considered in this case. Accordingly, a new trial as to the issue of damages must be directed unless respondent will agree to accept the sum of $5,000. Judgment reversed, on the law and the facts, and a new trial limited to the issue of damages ordered, with costs, unless respondent within 20 days after service of the order to be entered hereon shall stipulate to decrease the verdict to the sum of $5,000, in which event the judgment, as so modified, is affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Reynolds, J.